UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss and Sasha Gaskins, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> Shontate Morley, Mary Brumeucchi, ) <br> Christine Long, South Carolina ) <br> Department of Corrections, Bryan P. ) <br> Stirling, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:19-2469-BHH <br><br> **OPINION AND ORDER** |

Plaintiffs Darrell L. Goss and Sasha Gaskins ("Plaintiffs") are state prisoners, proceeding *pro se* and *in forma pauperis*, pursuant to 42 U.S.C § 1983, challenging communication restrictions that prison officials have placed upon them. (3d Am. Compl., ECF. No. 162.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Baker on April 1, 2021. (ECF No. 180.) In her Report, the Magistrate Judge recommends that this Court grant in part and deny in part the motion to dismiss, or in the alternative, motion for summary judgment filed by filed by Shontate Morley, Mary Brumeucchi, Christine Long, South Carolina Department of Corrections, and Bryan P. Stirling (collectively, "Defendants"). (*See id.* at 33.) The Report sets forth in detail the relevant facts and standards of law, and the Court

1

incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Baker issued the Report on April 1, 2021. (ECF No. 180.) Plaintiffs' filed objections to the Report on April 9, 2021. (ECF No. 185.) Defendant Morley ("Morley") filed objections to the Report on April 15, 2021 (ECF No. 186), and Defendants filed a reply to Plaintiffs' objections on April 21, 2021 (ECF No. 187). The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

### A. The Magistrate Judge's Findings and Recommendations

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

Magistrate Judge Baker first found that Plaintiffs' claims for money damages against Defendants in their official capacities and—to the extent pled by Plaintiff—against the South Carolina Department of Corrections ("SCDC") are barred by the Eleventh Amendment to the U.S. Constitution. (ECF No. 180 at 6–7.) However, the Magistrate Judge noted that the Eleventh Amendment does not bar actions for prospective injunctive relief against state officials sued in their official capacities, so Plaintiffs' claims for injunctive relief against Defendant Stirling are not precluded. (*Id.*)

Next, Magistrate Judge Baker found that the conduct of Defendants Bramucci and Long complied with SCDC policy. (ECF No. 180 at 21.) She determined that the evidence does not indicate that these Defendants had the ability to resolve Plaintiff Goss's attempts to add Plaintiff Gaskins to his list of correspondence-approved relatives, and that Plaintiffs failed to establish a genuine dispute of material fact on this issue. (*Id.*) However, as to Defendant Morley, the Magistrate Judge found that the record indicates Morley ignored Goss's attempts to submit an affidavit as proof of his common-law marriage to Gaskins, insisted that Gaskins must appear on Goss's relative screen, and did not afford Goss the opportunity to prove his relationship to Gaskins with evidence other than his relative screen. (*Id.* at 22.) Accordingly, Magistrate Judge Baker stated she "cannot find that Morley complied with SCDC policy," and that genuine disputes of material fact remain as to whether Morley violated Plaintiffs' First Amendment right to free speech and Fourteenth Amendment right to due process. (*Id.* at 22–23.) With respect to Plaintiffs' claims against Morley for violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the First Amendment Free Exercise Clause, and the Fourteenth Amendment Equal Protection Clause, the Magistrate Judge found these claims should be dismissed.

(*Id.* at 23–24.)

Magistrate Judge Baker next determined that Plaintiffs failed to establish any policy or constitutional violations based on Defendants' refusal to allow Goss to correspond with his alleged paster, Tyrone Moore. (*Id.* at 25.) Analyzing SCDC's policy 10.08 under the factors articulated in *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Magistrate Judge found that the SCDC policy passes constitutional muster. (*Id.* at 28–31.) Moreover, Magistrate Judge Baker determined that Plaintiffs' RLUIPA and Equal Protection Clause claims regarding communications with Mr. Moore fail because Plaintiffs have not established any substantial burden on Goss's ability to practice his religion, and have not shown that Goss or Moore have been treated differently from others who are similarly situated and that any such unequal treatment was the result of intentional discrimination. (*Id.* at 31–33.)

### B. Plaintiff's Objections

First, Plaintiffs object to the Magistrate Judge's "failure to make findings consistent with the reasoning set forth in their Response [to the motion to dismiss, or in the alternative, motion for summary judgment] with regard to constitutional violations on the part of [SCDC] Director, Bryan P. Stirling." (ECF No. 185 at 2.) There is no alleged conduct pertaining to Defendant Stirling other than his general implementation and enforcement of SCDC's correspondence policy. (*See* ECF No. 162 at 14–15.) Plaintiffs' concede the constitutionality of the correspondence policy.[2] (ECF No. 174 at 6.) Moreover, Magistrate Judge Baker analyzed the correspondence policy under the *Turner*

---

[2] In their response to Defendants' motion, Plaintiffs state: "Turning now to the gist of the argument, Goss makes clear that he is not challenging the constitutionality of SCDC's Inmate Correspondence Policy because he believes that the policy itself is, in fact, constitutionally valid in light of U.S. Supreme Court and Fourth Circuit precedent, Turner v. Safley, 482 U.S. 78, 89 (1987); Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 213, 218 (4th Cir. 2017); and Vester v. Rogers, 795 F.2d 1179, 1183 (4th Cir. 1986)." (ECF No. 174 at 6 (emphasis in original).)

4

factors and independently determined that the policy is constitutional. (ECF No. 180 at 28–31.) Accordingly, no further analysis is required regarding Defendant Stirling's alleged conduct in this action. The objection is without merit and is overruled.

Second, Plaintiffs assert that the Magistrate Judge erred in finding that there is no evidence that Morley violated SCDC policy by denying Goss's request to correspond with Moore. (ECF No. 185 at 2–3.) Plaintiffs argue that "[t]he Magistrate's finding misses the point" because "SCDC Policy does not require an inmate to have his/her pastor's name listed on their relative screen before correspondent privileges can be allowed; yet, Morley required such from Goss when he'd requested to inmate-to-inmate correspond with his pastor." (*Id.* at 3.) With respect, it is Plaintiffs' objection, not the Magistrate Judge's analysis, that misses the point. The correspondence policy prohibits inmates from corresponding with other inmates, except where the inmates are immediate family members or are in a joint legal action and the correspondence is related to the legal action only. (ECF No. 174-1 at 24.) By seeking to correspond with another inmate, regardless of whether that inmate holds the designation of "pastor," Plaintiff Goss was outside the bounds of the limited inmate-to-inmate correspondence permitted under the policy. (*Id.*) Defendant Morley, therefore, acted in accordance with the policy when he denied Goss's request to correspond with Moore. The objection is overruled.

Third, Plaintiffs contend that the Magistrate Judge erred in finding the SCDC correspondence policy constitutional. (ECF No. 185 at 3–5.) Plaintiffs walk through a cursory analysis of the *Turner* factors in an attempt to show that Magistrate Judge Baker's conclusions regarding factors two through four were erroneous. (*See id.*) This objection is ironic, given that Plaintiffs so explicitly conceded the constitutionality of the

5

correspondence policy in their response brief, and specifically stated their view that the policy passes muster under *Turner*. (*See* ECF No. 174 at 6; *supra* at n.2.) The Court has the discretionary power to consider arguments raised by a party for the first time in objections to a Magistrate Judge's Report, but the Court is not obligated to do so. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) (citations omitted). Here, the Court declines to consider Plaintiffs' *Turner*-based arguments. Magistrate Judge Baker's analysis of the correspondence policy under the *Turner* factors is sound and evinces no error. (*See* ECF No. 180 at 28–31.) The correspondence policy is constitutional and Plaintiffs have conceded as much. The objection is too little too late, and it is overruled.

Finally, Plaintiffs aver that the Magistrate Judge erred in finding that Goss failed to establish, under RLUIPA, a "substantial burden" on his ability to practice his religion. (ECF No. 185 at 5–6.) Plaintiffs contend that Magistrate Judge Baker misapplied the summary judgment standard by discrediting Goss's declaration and not viewing the subject of his testimony in the light most favorable to him. (*Id.* at 5.) Plaintiffs further contend that the Magistrate Judge's finding is "contradictory to her earlier finding that SCDC Policy results in 'no communication' between Goss and his pastor." (*Id.* at 6.) Again, Plaintiffs' objection is without merit. Their assertion that Magistrate Judge Baker misapplied the summary judgment standard is conclusory. Goss's inability to communicate with Moore, another SCDC inmate, is not a burden on his religious exercise simply because he names Moore as his "pastor." There is no evidence that the correspondence policy forces Goss to violate any precept of his religion or prohibits him from engaging in a qualifying religious exercise under RLUIPA. *See Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006); *Couch v. Jabe*,

679 F.3d 197, 200 (4th Cir. 2012). The Court must address the correspondence policy as it exists, as it has been fashioned by legal precedent and withstood previous legal challenges, and as it has been applied here. Magistrate Judge Baker's straightforward analysis accurately and correctly demonstrates that Plaintiff Goss has not met his burden of establishing that the policy imposes a substantial burden on his ability to exercise the religion of his choice. Accordingly, the objection is overruled.

### C. Defendant Morley's Objections

Defendant Morley objects to Magistrate Judge Baker's conclusion that summary judgment should be denied as to Plaintiffs' First Amendment free speech and Fourteenth Amendment due process claims against him. (ECF No. 186 at 1.) Morley notes that his affidavit states, "As the agency's Mail Room Coordinator I do not have the ability to add, edit, or delete ANY information pertaining to an inmate's family member(s) or their marital status in the Offender Management System." (ECF No. 170-3 at 2.) The affidavit further states, "From my understanding the only employees who can do this are employees who initially enter this information at R&E or Visitation and Classification." (*Id.*) Moreover, Morley states that he and his staff have communicated this fact to Plaintiff Goss on more than one occasion:

> We have communicated to I/M Goss on at least two occasions that both inmates must be reflected on the other inmate's information. If they are not, it is the Inmate's responsibility to request the Classification Division to update their marital statuses in the SCDC system. Plaintiff has been specifically advised on more than one occasion that his requests to correspond with Inmate Gaskins have been denied "Because Sasha Gaskins is not listed as your wife on your SCDC OMS/Relative list."

(ECF No. 170-3 at 3.) Morley's testimony in this regard is undisputed.

Based on this undisputed evidence, the Court finds that Defendant Morley complied with SCDC policy and sustains his objection. There is no genuine issue of

7

material fact as to whether Morley had the ability and the authority to approve inmate correspondence requests—he did not. The Report's contrary finding (see ECF No. 180 at 22) is rejected and the Report is hereby modified to conclude that Morley had no such ability or authority. Simply put, Morley was not the person to whom Plaintiff Goss's proof-of-relationship affidavit should have been submitted and Goss has not produced any evidence to show that he requested the required change from the Visitation and Classification authorities at SCDC.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 180) of the Magistrate Judge is ADOPTED IN PART and incorporated herein to the degree not inconsistent. The Court OVERRULES Plaintiffs' objections (ECF No. 185) and SUSTAINS Defendant Morley's objections (ECF No. 186). The Report is MODIFIED to find that Defendant Morley complied with the SCDC correspondence policy and that there is no genuine issue of material fact as to whether Morley had the ability and authority to approve Plaintiff Goss's request to add Plaintiff Gaskins to his approved correspondence list. Accordingly, Defendants' motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 170) is GRANTED *in toto*. The Court will enter judgment in favor of Defendants and this action is dismissed in its entirety.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 9, 2021
Greenville, South Carolina